**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

DANIEL O'NEILL,

      Plaintiff,

vs.                                 No. CV 16-00053 JCH/SCY

RALPH TRUJILLO, ASSISTANT ATTORNEY GENERAL,
and NEW MEXICO STATE PAROLE BOARD,

      Defendants.

<u>**MEMORANDUM OPINION AND ORDER OF DISMISSAL**</u>

THIS MATTER is before the Court *sua sponte* under 28 U.S.C. § 1915(e)(2)(B) on the 42 U.S.C. § 1983 Prisoner Complaint filed by Plaintiff Daniel O'Neill on January 22, 2016 (Doc. 1) ("Complaint"). The Court will dismiss the Complaint for failure to state a claim on which relief can be granted and as frivolous.

<u>*Dismissals for Failure to State a Claim*</u>

Plaintiff O'Neill is proceeding pro se and *in forma pauperis*.  The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Twombly*, 550 U.S. at 555; *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th

Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.  A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(ii). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989).  *See also Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir.1991). The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).  However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994).  The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant.  *Hall v. Bellmon,* 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow plaintiff an opportunity to amend the complaint.  Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings.  *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile.  *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

## *Analysis of O'Neill's Claims*

O'Neill is proceeding against the New Mexico Parole Board and Assistant Attorney General Ralph Trujillo under 42 U.S.C. § 1983 claiming that his parole date for one of several state court convictions was miscalculated.  O'Neill has filed a number of proceedings in this Court making the same or similar allegations, including a habeas corpus proceeding under 28 U.S.C. § 2254 that is currently pending before the Court, *O'Neill v. King,* No. CV 15-1050 MV/GJF.  The Court will review O'Neill's Complaint under the authority granted by 28 U.S.C. § 1915(e)(2)(B) and will take notice of the contents of the New Mexico state court records filed in case CV 15-1050 MV/GJF.  *Denton,* 504 U.S. at 32-33.  The Complaint and the state court records disclose the following:

On December 17, 1976, Daniel O'Neill was convicted by a jury of robbery, criminal sexual penetration of a minor in the second degree, and false imprisonment in State of New Mexico, County of Bernalillo, Second Judicial District Court criminal cause no. 27804 and was sentenced to a term of imprisonment.  (CV 15-1050 Doc. 23-1 at 3).  O'Neill was subsequently determined to be an habitual offender based on a Supplemental Information, the original sentence in no. 27804 was vacated, and O'Neill was resentenced to not less than ten years nor

more than thirty years on Count I, not less than ten years nor more than fifty years on count II, and not less than five years nor more than fifteen years on Count III, with the terms for Counts I and II to run concurrently and the term for Count III to run consecutively.  (CV 15-1050 Doc 23-1 at 4-5).  O'Neill began parole on October 27, 1993. (CV 15-1050 Doc. 23-1 at 7). On September 3, 1996 O'Neill was charged with fifteen counts of criminal sexual contact of a minor in violation of his parole conditions, a warrant was issued for his arrest, and O'Neill was again incarcerated on the 15-65 year sentence imposed in case no. 27804.  (CV 15-1050 Doc. 23-1 at 6-10).

In 2004, O'Neill filed a state habeas corpus petition, contending that he was entitled to annual parole hearings and had not received his 2003 hearing.  Based on a stipulation of the parties, the State of New Mexico, County of Lea, Fifth Judicial District Court entered an order stating that O'Neill was to be granted the 2003 parole hearing and "***if Petitioner is granted parole*** for this hearing, it shall be effective September 10, 2003, one year from the date of his last parole hearing."  (CV 15-1050 Doc. 23-1 at 30-31) (emphasis added).  O'Neill was not granted parole but, instead, parole was denied at the ordered hearing as well as at parole hearings for 2004 and 2005.  (CV 15-1050 Doc. 23-1 at 34-42).  On August 17, 2006, O'Neill was discharged from his sentence in case no. 27804 and immediately began serving a thirty-three year sentence imposed June 10, 1997 in State of New Mexico, County of Grant, Sixth Judicial District Court cause no. D-608-CR-9600146. (CV 15-1050 Doc. 23-1 at 43, 1-2).

In this case, O'Neill claims that the Defendants violated his rights by not affording him the yearly parole hearings and by changing his parole date from 2003 to 2006 in breach of the stipulated order in his state habeas corpus proceeding.  (Doc. 1 at 2-5).  The actual state court record directly contradicts O'Neill's factual allegations and his alleged claims are baseless.

*Neitzke v. Williams,* 490 U.S. at 327.  Moreover, O'Neill's Complaint fails to state a claim for relief as a matter of law on multiple grounds.

First, the New Mexico Parole Board is an agency of the State of New Mexico. The State is not a "person" within the meaning of 42 U.S.C. § 1983 and there is no remedy against the State under § 1983. The claims against the New Mexico Parole Board fail to state any claim for relief under § 1983. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 63-64 (1989).

In addition, the New Mexico Parole Board and its members are immune from liability for actions taken in performance of the Board's official duties regarding the granting or denial of parole.  *Knoll v. Webster,* 838 F.2d 450, 451 (10th Cir. 1988).  To the extent that O'Neill's Complaint may be construed to request injunctive relief on the duration of his incarceration, O'Neill may not seek such relief against the Parole Board in a § 1983 proceeding but, instead, may only pursue that relief through a habeas corpus claim under 28 U.S.C. § 2241.[1]  *Nelson v. Campbell,* 541 U.S. 637, 643 (2004); *Frey v. Adams County Court Servs.,* 267 F.App.'x 811, 813 (10th Cir. 2008).

Second, the Complaint names Assistant Attorney General Ralph Trujillo as defendant in his capacity as prosecutor. (Doc. 1 at 1).  Prosecutors are entitled to immunity in the performance of their prosecutorial functions. *Miller v. Spiers*, 434 F.Supp.2d 1064 (2006). The common law has long recognized prosecutors must be given immunity from the chilling effects of civil liability. *Burns v. Reed,* 500 U.S. 478, 485 (1991). Prosecutors are absolutely immune from damages for their advocacy and activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). The Complaint contains no

---

[1] The state court record raises statute of limitations and mootness issues.  However, because the Court disposes of O'Neill's claims on other grounds, the Court will not address those issues.

factual allegations of any conduct outside the prosecutorial function.   Therefore, the claims against Assistant Attorney General Trujillo are barred based on prosecutorial immunity.

Last, O'Neill seeks to be paroled back to 2003 under the stipulated court order.  (Doc. 1 at 5). In *Heck v. Humphry,* 512 U.S. 477, 487 (1994), the Supreme Court addressed the question of when a prisoner may bring a § 1983 claim relating to his conviction or sentence. The Court held that when a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed. *Heck,* 512 U.S. at 487. Similarly, although in some circumstances a prospective injunction may be available under § 1983, to the extent a request for declaratory or injunctive relief would necessarily invalidate the prisoner's conviction or sentence, declaratory and injunctive relief are also barred by the *Heck* doctrine*. Wilkinson v. Dotson,* 544 U.S. 74, 80-81 (2005).  *See also Edwards v. Balisok,* 520 U.S. 641 (1997).

As this Court has previously ruled, granting O'Neill the relief he requests would necessarily imply the invalidity of his sentence.  *See, O'Neill v. Trujillo*, No. CV 11-1044 BB/KBM, Doc. 13.  All of O'Neill's claims in this case are barred under *Heck v. Humphry*.[2]  The Complaint fails to state any claim for relief against any of the Defendants and will be dismissed under 28 U.S.C. § 1915(e)(2)(B).

The Court will dismiss O'Neill's Complaint without leave to amend because the Court determines that amendment of the Complaint would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. O'Neill's issues with his criminal sentencing will never state a civil rights cause of action against

---

[2] O'Neill's claims are likely barred by claim preclusion based on the Court's prior ruling, but, again, the Court finds it unnecessary to reach that question because the Court's rulings on other grounds are dispositive of all claims.

any of the Defendants. The Court also finds the claims asserted by O'Neill are frivolous under 28 U.S.C. § 1915(e)(2). The factual allegations are clearly baseless and have previously been rejected by this Court.  A complaint plainly abusive of the judicial process is properly typed frivolous and malicious within the context of section 1915(e)(2)(B)(i). *See Duhart v. Carlson,* 469 F.2d 471, 477-78 (10th Cir. 1972); *Olson v. Coleman,* 997 F.2d 726, 728-29 (10th Cir. 1993).

O'Neill has previously filed the same claims against the same parties and the Court has dismissed those claims for failure to state a claim on which relief can be granted. See, e.g., *O'Neill v. Trujillo,* No. CV 11-1044 BB/KBM (Doc. 13) and *O'Neill v. New Mexico Attorney General Gary King,* No. CV15-1030 RB/WPL (Doc. 8).[3]  Each of those dismissals constitutes a "strike" for purposes of the "three strikes" rule of the Prisoner Litigation Reform Act (PLRA). 28 U.S.C. § 1915(g).  Because the Court concludes that O'Neill's Complaint in this case also fails to state a claim for relief and is frivolous under § 1915(e)(2)(B), the Court will impose a third strike against him under § 1915(g).  Because he has accrued three strikes, O'Neill may not proceed *in forma pauperis* in any future civil actions before federal courts unless he is under imminent danger of serious physical injury. § 1915(g).

**IT IS ORDERED** that the Prisoner Complaint filed by Plaintiff Daniel O'Neill on January 22, 2016 (Doc. 1) is **DISMISSED** with prejudice for failure to state a claim on which relief can be granted and as frivolous under 28 U.S.C. § 1915(e)(2)(B) and the Court imposes a

---

[3] O'Neill has filed at least 15 cases in this Court, and all but one have been dismissed on a variety of grounds.  *See*, *O'Neill v. Parole Board,* No. CV 05-00102 JB/LCS, *O'Neill v. GEO Group,* No. CV 14-00273 MCA/SCY, *O'Neill v. State of New Mexico First Judicial District Court,* No. CV 09-00597 MCA/LFG, *O'Neill v. Jaramillo,* No. CV 11-00858 JB/GBW, *O'Neill v. Marcantel*, No. CV 12-00054 MCA/GBW, *O'Neill v. King*, No. CV 15-01050 MV/GJF, *O'Neill v. Trujillo*, No. CV 11-01044 BB/KBM, *O'Neill v. Wormuth*, No. CV 12-01084 MV/RHS, *O'Neill v. King*, No. CV 15-01030 RB/WPL, *O'Neill v. King*, No. CV 12-00995 JB/RHS, *O'Neill v. Trujillo*, No. CV 16-00053 JCH/SCY, *O'Neill v. Williams*, No. CV 00-00280 JAP/LFG, *O'Neill v. Tafoya,* No. CV 99-00284 BB/LFG, *O'Neill v. Tapia*, No. CV 08-00473 MCA/KBM, and *O'Neill v. Janecka*, No. CV 04-00918 MCA/DJS).

**THIRD STRIKE** against O'Neill under 28 U.S.C. § 1915(g). O'Neill may not proceed *in forma pauperis* in any future civil actions before federal courts unless he is under imminent danger of serious physical injury. § 1915(g).

UNITED STATES DISTRICT JUDGE