IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANIEL O'NEILL,

    Plaintiff,

vs.                                                   No. CV 16-00053 JCH/SCY

RALPH TRUJILLO, ASSISTANT ATTORNEY GENERAL,
and NEW MEXICO STATE PAROLE BOARD,

    Defendants.

**MEMORANDUM OPINION AND ORDER DENYING MOTION
"TO REINSTATE MY RIGHTS TO FILE A FEDERAL LAW SUIT PRO SE"**

THIS MATTER is before the Court on the motion "To Reinstate my Rights to File a Federal Law Suit Pro Se" filed by Plaintiff Daniel O'Neill on April 3, 2017 (Doc. 11) ("Motion to Reinstate"). The Court will deny O'Neill's Motion to Reinstate.

The Court entered its Memorandum Opinion and Order and a Judgment dismissing O'Neill's Complaint for failure to state a claim on which relief can be granted on July 20, 2016. (Doc. 9, 10). O'Neill filed his Motion to Reinstate on April 3, 2017. (Doc. 11). Although his Motion to Reconsider is titled "To Reinstate my Rights to File a Federal Law Suit Pro Se," the relief he seeks is the removal of three strikes against him under 28 U.S.C. § 1915(g). (Doc. 11 at 1, 3).[1]

O'Neill argues that he has been given "two strikes against him for the same case. This is cruel and not justified by the high court." (Doc. 11 at 3). O'Neill is correct that he has received

---

[1] The Court has not imposed any restrictions on O'Neill's right to file as a pro se litigant but, instead, has imposed three strikes under Section 1915(g) restricting his right to proceed *in forma pauperis* unless he is under imminent danger of serious physical injury.

multiple strikes for filing multiple cases alleging the same claims. However, the Court's imposition of multiple strikes for the same claims is proper. O'Neill has filed the same claims against the same parties and the Court has dismissed those claims for failure to state a claim on which relief can be granted in this and two prior cases, *O'Neill v. Trujillo,* No. CV 11-1044 BB/KBM (Doc. 13) and *O'Neill v. New Mexico Attorney General Gary King,* No. CV15-1030 RB/WPL (Doc. 8).

Congress recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks any financial incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. *Neitzke v. Williams,* 490 U.S. 319, 324 (1989). Because prisoner suits represent a disproportionate share of federal filings, Congress chose to enact reforms designed to filter out deficient claims. *Jones v. Bock,* 549 U.S. 199, 202-204 (2007). Those reforms include the three-strike rule of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). The three-strike rule of § 1915(g) states:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

The Prison Litigation Reform Act (PLRA) is intended to curb repetitive and abusive filing of meritless claims. Each of the dismissals of O'Neill's claims constitutes a proper "strike" for purposes of the "three strikes" rule of the PLRA. 28 U.S.C. § 1915(g). Therefore, the Court will deny O'Neill's request to remove the three strikes against him.

Although O'Neill does not request that the Court reconsider its substantive rulings in the July 20, 2016 Memorandum Opinion and Order, to the extent that his arguments could be

construed as a request for reconsideration under Fed. R. Civ. P. 59(e) or 60(b), the Court will also deny that request. His Motion to Reinstate would be untimely under Rule 59(e) and fails to present any grounds justifying relief under either Rule 59(e) or Rule 60(b).

Grounds warranting a motion to reconsider under Rule 59(e) include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *See Brumark Corp. v. Samson Resources Corp.,* 57 F.3d 941, 948 (10th Cir.1995). A motion for reconsideration is proper where the court has clearly misapprehended the facts, a party's position, or the controlling law, but is not appropriate to revisit issues already addressed in prior filings. *See Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir.1991); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

In his Motion to Reinstate, O'Neill seeks to reargue matters that he previously presented. (Doc. 11 at 2-3). He relies on older authority that predates *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). O'Neill fails to show any intervening change in controlling law, new evidence, or a need to correct clear error. *Brumark Corp. v. Samson Resources Corp.,* 57 F.3d at 948. Nor does he establish any of the six grounds justifying relief under Rule 60(b)(1)-(6). If his Motion to Reinstate can be construed as a Rule 59(e) or Rule 60(b) motion to reconsider, it is denied.

**IT IS ORDERED** that the Motion to Reinstate My Rights to File a Federal Law Suit Pro Se (Doc. 11) is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE